IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID and ROBYN MONN,
Individually and as the parents of B.M.
a minor, MICHAEL and JULIE
FAUTH, Individually and as the
parents of L.F. a minor and BRAD and
JACKIE ADAMS, Individually and as
the parents of A.A. a minor,
    Plaintiffs

    v.

GETTYSBURG AREA SCHOOL
DISTRICT, JAMES O'CONNOR,
STEVEN LITTON, LAWRENCE
REDDING, SHEVELLE C. (last name
withheld) in her own right, and as the
Mother of K.C. a minor, K.C. a minor,
Ms. A. in her own right, and as the
mother of K.A. a minor,
    Defendants

CIVIL NO. 1:12-CV-2085

(Judge Caldwell)

*M E M O R A N D U M*

I. *Introduction*

This case arises from bullying at a middle school. The plaintiffs are three minor children and their parents, specifically, David and Robyn Monn, the parents of the minor B.M.; Michael and Julie Fauth, the parents of the minor L.F.; and Brad and Jackie Adams, the parents of the minor A.A. The defendants are Gettysburg Area School District (the School District); Larry Redding, the District superintendent; and James O'Connor and Steven Litten, two principals at Gettysburg Area Middle School.[1] Also

---

[1] Steven Litten's last name is spelled "Litton" in the Complaint. We will use the correct spelling of his name.

named as defendants are Shevelle C., in her own right and as the mother of K.C. a minor; K.C. a minor; and Ms. A., in her own right and as the mother of K.A. a minor.[2] The individual defendants are being sued in their individual capacities, not in their official capacities. (Doc. 1, Compl. ¶ 4).

Plaintiffs allege that the three minor plaintiffs were bullied and injured at Gettysburg Middle School by the two minor defendants. Plaintiffs further allege that, though the parent plaintiffs notified the School District, O'Connor and Litten, about the bullying, the defendants refused to offer the necessary supervision or assistance to prevent future bullying, thus causing additional injuries to the minor plaintiffs. Plaintiffs assert the following federal claims: (1) a First Amendment retaliation claim; (2) a Fourth Amendment claim; (3) a substantive due process claim; and (4) a procedural due process claim. Plaintiffs also make three state-law claims, for assault, intentional infliction of emotional distress, and negligence.

We are considering the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) of defendants, Redding, O'Connor, Litten, and the School District, for failure to state a claim upon which relief can be granted.

II. *Standard of Review*

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to

---

[2] Though not listed in the caption, it appears Plaintiffs are also making claims against K.A. K.A. is named as a defendant in Count II, the state-law assault claim.

the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted). With these standard in mind, we set forth the background to this litigation, as Plaintiffs allege it.

III. *Background*

Defendants, Seven P. Litten, James M. O'Connor, and Larry R. Redding were, at the times relevant to the litigation, employees of the School District. (Doc. 1, Compl. ¶ 1). Defendants Litten and O'Connor were principals at Gettysburg Middle School. (*Id.*). Defendant Redding was the School District's superintendent. *(Id.*).

The three minor plaintiffs and two minor defendants attended Gettysburg Middle School. (*Id.* ¶¶ 7 and 8). On several occasions while at school, the minor defendants "threatened, attacked, shoved, pushed, and verbally abused" the minor plaintiffs during sixth grade. (*Id.* ¶ 9). The minor defendants also "physically beat" and "punched" and "threw" the minor plaintiffs "about while in school . . . ." (*Id.* ¶ 10).

"On one occasion the minor defendant K.C. grabbed the plaintiff A.A. around the neck, choking him and pulling him up out of his chair and dragging him to a different location in the school room." (*Id.* ¶ 14). "On or about January 2012 K.C. physically beat and punched B.M. in the face and eye causing severe retinal damage requiring laser surgery." (*Id.* ¶ 15). As a result, "B.M. was unable to engage in normal physical activities (such as recess or gym) for a considerable period of time." (*Id.* ¶ 16).

On a number of occasions, each of the parent plaintiffs and the minor plaintiffs personally complained to O'Connor, Litten and Redding about the bullying. (*Id.* ¶ 12). The adult defendants were aware of the bullying, that the minor defendants had caused physical injuries, and that the bullying was "occurring on a regular basis." (*Id.* ¶¶ 12 and 13). The adult defendants and the School District did not assist Plaintiffs, act to prevent the bullying, or "take any meaningful measures to protect the minor plaintiffs." (*Id.* ¶ 13). In fact, the government defendants "ignored the minor plaintiffs and their parents, and even sometimes criticized and belittled them to deflect their responsibilities to supervise and curtail the misconduct of the minor defendants." (*Id.* ¶ 18).

O'Connor, Litten and Redding were policymakers for the School District. (*Id.*). The School District had a policy, custom and practice of permitting the minor plaintiffs to be bullied. (*Id.*). The minor plaintiffs were in their custodial care. (*Id.* ¶ 19). Knowing of the bullying, the individual defendants, including the parent defendants, had a duty to prevent it. (*Id.* ¶¶ 19 and 21).

"The minor plaintiffs have, and had, a First Amendment right to freedom of expression, to communicate and interact with others in various forms of association, not only to gain an education, but to be free to express themselves about educational issues which was denied them. They also had a right to complain and express themselves about unlawful actions in the school without suffering retaliation therefore i.e., to be forced to continue undergoing bullying in retaliation for complaining." (*Id.* ¶ 27).

"The plaintiffs suffered violations of their First Amendment rights to complain to officials about illegalities within the school and to achieve an education without unlawful interference, and without retaliation while in a custodial situation over which they had no control as a matter of law." (*Id.* ¶ 29).

"The minor plaintiffs had a right to be free of excessive force i.e., to be free of Fourth Amendment violations while in custodial care, which they would not have suffered except for the intentional misconduct of the defendants." (*Id.* ¶ 30). They also had a right to an education (*id.* ¶ 25), and a state-law right under 24 Pa. Stat. Ann. §§ 13-1301 to 13-1317 to be free of bullying while in school. (*Id.* ¶ 26).[3]

"[T]he minor plaintiffs' had a 14th Amendment right, particularly while in custodial care, to receive hearings, to be able to achieve an education free of physical and verbal abuse interfering with that right and not to suffer violations of their family integrity as a result of abusive outside influences, which were the duty of the defendants to resolve, mitigate, or otherwise provide affirmative assistance with preventing." (*Id.* ¶ 31).

"The defendant's refusal to act as part of their custodial responsibilities constituted a violation of the plaintiffs' federally guaranteed rights under the 1st, 4th, and 14th Amendments and also violated Pennsylvania's explicit prohibition against bullying, assault, and the intentional infliction of emotional distress while attending school under Pennsylvania's compulsory attendance laws." (*Id.* ¶ 32).

---

[3] The correct citation is to 24 Pa. Stat. Ann. §§ 13-1301-A to 13-1313-A.

Elsewhere in the Complaint, Plaintiffs characterize the defendant school officials' conduct as "refusing to supervise and or respond to confrontational dangerous situations," (*id.* ¶ 22), as displaying an "intentional lack of responsible actions," (*id.* ¶ 23, and as a "refusal to act." (*Id.* ¶ 32).

In Count I of the complaint, all Plaintiffs make claims against all Defendants for violations of their First, Fourth, and Fourteenth Amendment rights. In Count II, the three minor plaintiffs make a state-law claim for assault against the two minor defendants and their mothers. In Count III, all Plaintiffs make a state-law claim for intentional infliction of emotional distress against all Defendants, except the School District. In Count IV, all Plaintiffs make a state-law claim for negligence against all Defendants.

IV. *Discussion*

> A. *Plaintiffs Have Sued the Individual Defendants Only in Their Individual Capacities so There Is No Need to Dismiss Any Claims Against the Individual Defendants in Their Official Capacities*

Defendants move to dismiss the claims against defendants Redding, O'Connor, and Litten, in their official capacities, asserting that a suit against these individual defendants in their official capacities is really one against the School District and hence redundant.

Defendants correctly assert that claims against individual defendants in their official capacities are really claims against the governmental body. *See Bittner v. Snyder County*, 345 F. App'x 790, 792 (3d Cir. 2009)(nonprecedential). And such claims

are dismissed as being redundant to the claims against the governmental body.  *See Chinoy v. Pennsylvania State Univ.*, No. 11-CV-1263, 2012 WL 727965, at \*2-3 (M.D. Pa. Mar. 6, 2012)(Caldwell, J.).  However, defendants Redding, O'Connor, and Litten are not being sued in their official capacities.  Plaintiff expressly disclaims doing so and has sued them only in their individual or personal capacities.  (Doc. 1, Comp. ¶ 4).  Therefore, we will not grant the requested relief as there is no need for it.

> B.  *The First Amendment Retaliation Claim Fails Because Plaintiffs Have Failed to Allege Conduct that Would Deter a Person of Ordinary Firmness From Exercising His First Amendment Rights*

To plead a First Amendment retaliation claim, a plaintiff must allege: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action."  *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)(citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).  On the second element, the retaliatory conduct "need not be great in order to be actionable, but it must be more than *de minimis*."  *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)   (quoted case and internal quotation marks omitted).

The moving Defendants argue that Plaintiffs have failed to state a retaliation claim because they have not adequately alleged that they engaged in protected activity (1) involving their right to either expressive or intimate association or (2) any right of free speech.  They also argue Plaintiffs have failed to meet their pleading obligation to allege

sufficient facts in support of their retaliation claim. In opposition, Plaintiffs contend they have alleged they engaged in the protected activities of free speech in complaining to the District defendants about the bullying and in the right to associate when the minor defendants complained as a group.

Plaintiffs have failed to allege a First Amendment retaliation claim, not for the reasons Defendants advanced, but because they cannot satisfy the second element of the claim, that Defendants' retaliatory conduct would be sufficient to deter a person of ordinary firmness from exercising his constitutional rights.[4]

As Plaintiffs point out in their opposition brief, they allege that when they complained about the bullying, the School District defendants "rebuffed" some of the parent plaintiffs, "ignored" others, and even "criticized" some. (Doc. 15, p. 4). This had the effect of discouraging the parent plaintiffs from "complaining," as their children were in the School District's custody during the school day. (*Id.*). As averred more accurately in the Complaint, the adult defendants and the School District did not assist Plaintiffs or act to prevent the bullying. (Compl. ¶ 13). In fact, the government defendants "ignored the minor plaintiffs and their parents, and even sometimes criticized and belittled them to deflect their responsibilities to supervise and curtail the misconduct of the minor defendants." (*Id.* ¶ 18). Plaintiffs allege that the retaliatory action against the minor plaintiffs was "to be forced to continue undergoing bullying . . . ." (*Id.* ¶ 27).

---

[4] Parenthetically, we need not concern ourselves with whether Plaintiffs' speech was on a matter of public concern as Plaintiffs are not public employees. *See Eichenlaub v. Township of Indiana*, 385 F.3d 274, 283-84 (3d Cir. 2004).

None of these allegations support the inference of a retaliatory (or adverse) action. The allegations that the School District officials ignored the parent plaintiffs and forced the minor plaintiffs to continue to undergo the bullying is a claim that these defendants failed to act on Plaintiffs' complaints about the bullying. Generally, a failure to act on a complaint is not a retaliatory or adverse action. *See Taylor v. AFS Technologies, Inc.*, No. 09-CV-2567, 2011 WL 1237609, at *4 n.3 (D. Ariz. April 4, 2011)(failure to investigate is not an adverse action for a Title VII retaliation claim); *Frazier v. Zavaras*, No. 10-CV-2534, 2011 WL 4537001, at *9 (D. Colo. Sept. 30, 2011)(denial of a prison grievance was not an adverse action for a section 1983 retaliation claim); *Finley v. County of Martin*, No. 07-5922, 2009 WL 5062326, at *15 (N.D. Cal. Dec. 23, 2009)(failure to conduct an adequate investigation of the plaintiff's Title VII discrimination claim was not an adverse action for a Title VII retaliation claim); *Rojas v. Roman Catholic Diocese of Rochester*, 557 F. Supp. 2d 387, 399-400 (W.D.N.Y. 2008)(failure to take remedial action on the plaintiff's Title VII claims was not an adverse action that would support a Title VII retaliation claim). *But see Stascavage v. Borough of Exeter*, No. 11-CV-772, 2012 WL 6593807, at *6 (M.D. Pa. Dec. 18, 2012)(failure of borough defendants to respond to complaints about a zoning violation was an adverse action for a section 1983 retaliation claim).[5]

---

[5] We rely on Title VII cases because retaliation claims under Title VII and section 1983 are essentially the same. *See Zappan v. Pennsylvania Bd. of Prob. & Parole*, 152 F. App'x 211, 217 (3d Cir. 2005)(nonprecedential)(setting forth the elements of a Title VII retaliation claim).

A failure to act on a complaint is not a retaliatory action for the reason given by the court in *Finley*: in the typical retaliation claim, the plaintiff is complaining about "an affirmative detriment following the exercise of protected activity." *Finley*, 2009 WL 5062326, at *15. Such an affirmative detriment must involve more than just the failure to act on the bullying claims here because the mere failure of school officials to act on any particular complaint or complaints would not deter a person of ordinary firmness from engaging in, or continuing to engage in, the First Amendment activity of presenting complaints to school officials. That person would not be deterred from engaging in protected activity because there would be no cost associated with simply pursuing further complaints.[6]

The allegations that the School District defendants criticized and belittled Plaintiffs are also insufficient to show an adverse action. In this context, we must take into account the "interest in having public officials fulfill their duties . . . ." *Municipal Revenue Services, Inc. v. McBlain*, 347 F. App'x 817, 824 (3d Cir. 2009) (nonprecedential)(quoting *Suarez Corp. Indust. v. McGraw*, 202 F.3d 676, 687 (4th Cir. 2000)). "Thus, where a public official's alleged retaliation is in the nature of speech, in the absence of a threat, coercion, or intimidation intimating that punishment, sanction or

---

[6] Whether conduct by defendants qualifies as a retaliatory or adverse action depends on the circumstances. *See Brennan v. Norton*, 350 F.3d 399, 419 (3d Cir. 2003)(Section 1983 retaliation claim). *See also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69, 126 S.Ct. 2405, 2415-16, 165 L.Ed.2d 345 (2006)(Title VII retaliation claim). For example, while a failure to investigate does not qualify here, a failure to investigate death threats against the plaintiff FBI officer was considered an adverse action in *Rochon v. Gonzales*, 438 F.3d 1211, 1219-20 (D.C. Cir. 2006).

-10-

adverse regulatory action will imminently follow, such speech does not adversely affect a citizen's First Amendment rights . . . ." *Suarez*, 202 F.3d at 687. *See also Municipal Revenue Services*, 347 F. App'x at 825 (quoting the same language from *Suarez*). Plaintiffs do not allege that the School District officials' criticism and belittlement included any threat of punishment, of sanction, or equivalent adverse action.

We must therefore dismiss the section 1983 retaliation claim.

> C. *The Fourth Amendment Claim Fails Because That Amendment Applies Only to Intrusions on Privacy During the Course of a Criminal Investigation*

The minor plaintiffs make a Fourth Amendment claim based on the bullying that involved beating and choking. They argue that the adult defendants are responsible on this claim because they knew of the beatings and allowed them to continue, motivated by retaliatory intent.

We reject this claim. The Fourth Amendment applies to public schools. *E.N. v. Susquehanna Twp. Sch. Dist.*, No. 09-CV-1727, 2010 WL 4853700, at *5 (M.D. Pa. Nov. 23, 2010). But it does not apply in these circumstances. Instead, as Defendants argue, it applies only to intrusions on privacy during the course of a criminal investigation. *K.K. ex rel. Knowles v. Weeks*, No. 04-CV-2290, 2007 WL 2782273, at *6 (M.D. Pa. Sept. 21, 2007)(Caldwell, J.)(rejecting the plaintiffs' Fourth Amendment claim based on a sexual assault on a high school student); *E.N.*, 2010 WL 4853700, at *5 (same). We will therefore dismiss the Fourth Amendment claim.

-11-

D.  *The Fourteenth Amendment Claims*

Plaintiffs also claim that Defendants' actions violated Plaintiffs' substantive and procedural due process rights under the Fourteenth Amendment.  We first examine Plaintiffs' claim of a substantive due process violation.

   1.  *The Substantive Due Process Claim Fails Because Plaintiffs Do Not Allege Affirmative Acts by the School District Officials*

The minor plaintiffs have a liberty interest in bodily integrity protected by the Due Process Clause of the Fourteenth Amendment.  *See Brown v. School District of Philadelphia*, 456 F. App'x 88, 90 (3d Cir. 2011)(nonprecedential).  "Generally, the Due Process Clause does not impose an affirmative duty upon the state to protect citizens from the acts of private individuals."  *Sanford v. Stiles*, 456 F.3d 298, 303-04 (3d Cir. 2006)(citing *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 198-200, 109 S.Ct. 998, 1004-06, 103 L.Ed.2d 249 (1989)).  In the Third Circuit, there are two exceptions to this rule: (1) when there is a "special relationship" between the plaintiff and the state, and (2) when there is a "state-created danger."  *Id.* at 304.  The first exception does not apply here because there is no "special relationship" between a student and the state.  *Id.* at 304 n.4 (citing *D.R. by L.R. v. Middle Bucks Area Vocational Technical School*, 972 F.2d 1364, 1372 (3d Cir. 1992)(en banc); *Brown, supra*, 456 F. App'x 88 at 90 n.5.  Thus we need only concern ourselves with the state-created danger exception.

In the Third Circuit, a plaintiff must prove the following four elements to satisfy the state-created danger exception:

>(1) the harm ultimately caused was foreseeable and fairly direct;
>
>(2) a state actor acted with a degree of culpability that shocks the conscience;
>
>(3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
>
>(4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Sanford*, *supra*, 456 F.3d at 304-05 (quoted case omitted). In regard to the fourth element, the Third Circuit has stressed the need to show "affirmative acts" on the part of a state actor, not merely a failure to act. *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 282 (3d Cir. 2006)("It is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause.").

We conclude that Plaintiffs fail to state a substantive due process claim because they cannot satisfy the fourth element. As noted, the fourth element requires that the state actor have performed an affirmative act. *Bright, supra,* 443 F.3d at 282 ("While we have acknowledged that the line between action and inaction may not always be clear, . . . we have never found a state-created danger claim to be meritorious without

-13-

an allegation and subsequent showing that state authority was affirmatively exercised.")(internal citation and footnote omitted).

Here, Plaintiffs do not allege any affirmative acts by state defendants. Instead, they repeatedly allege that the defendant School District officials failed to prevent future bullying after initial complaints of bullying. The failure to use authority cannot be characterized as an affirmative misuse of the authority. *See D.R.*, *supra,* 972 F.2d at 1373 (rejecting a state-created danger claim where the school was alleged to have "created a climate which facilitated sexual and physical abuse of students" when there was no affirmative act by the state defendants). Without an affirmative act, Plaintiffs fail to meet the fourth prong of the state-created danger exception, and "'[t]he most that can be said of the state functionaries in this case is that they stood by and did nothing when suspicious circumstances dictated a more active role for them.'" *Id.* at 1376 (quoting *DeShaney,* supra, 489 U.S. at 203, 109 S.Ct. at 1007). Therefore, we will dismiss the substantive due process claim.[7]

---

[7] The School District cannot be liable for any alleged policy of permitting the minor plaintiffs to be bullied as there must still be an underlying constitutional violation, and the School District had no duty under the Due Process Clause to protect the minor plaintiffs from harm inflicted by private individuals. *See Brown v. Commonwealth of Pennsylvania, Dep't of Health Emergency Med. Services Training Inst.*, 318 F.3d 473, 482-83 (3d Cir. 2003)(a city could be liable for an unconstitutional policy on emergency medical technicians but not for harm caused by the technicians when the city had no constitutional duty to provide competent rescue services).

### 2. *The Procedural Due Process Claim Fails Because Plaintiffs Do Not Allege That the State Deprived Them of Any Liberty or Property Interest*

Plaintiffs also appear to make a procedural due process claim. Such a claim must allege (1) a deprivation of an interest "encompassed within the Fourteenth Amendment's protection of life, liberty, or property"; and (2) that "available procedures did not provide due process of law." *Ass'n New Jersey Rifle & Pistol Clubs v. Governor of New Jersey*, 707 F.3d 238, 240 (3d Cir. 2013)(quoted case and internal quotation marks omitted).

In moving to dismiss any procedural due process claim, Defendants make two arguments. First, Plaintiffs have not alleged any liberty or property interest protected by the Due Process Clause. Second, even if they do, they do not allege that the process used to address their claims of bullying and harassment "caused a 'mistaken or unjustified' deprivation of that interest." (Doc. 11, Supp'n Br. at p. 13). In opposition, Plaintiffs appear to be arguing that they are relying on a liberty interest the minor plaintiffs have in their bodily integrity and that procedural due process was violated when they asked for meetings with the School District to address the injuries and threats to their children, "which were subsequently denied out of retaliation." (Doc. 15, Opp'n Br. at p. 8). Plaintiffs do not make clear whether they are referring to a denial of hearings or a

denial of the requests that the bullying stop. Based on the entire Complaint, we believe they are referring to the latter.[8]

In any event, Plaintiffs cannot assert a procedural due process claim because they cannot allege an essential element of that claim, that the deprivation of the protected interest was done by the state. *See Philadelphia Police & Fire Ass'n for Handicapped Children, Inc. v. City of Philadelphia*, 874 F.2d 156, 169 (3d Cir. 1989)(procedural due process claim fails in circumstances where *DeShaney* shows that the state had not deprived the plaintiffs of a purported liberty interest in habilitation).[9]

V. *Pending State-Law Claims Against the School District, Redding, O'Connor, and Litten*

As noted, Plaintiffs have also made state-law claims. In Count III, all Plaintiffs make a state-law claim for intentional infliction of emotional distress against all Defendants, except the School District. In Count IV, all Plaintiffs make a state-law claim for negligence against all Defendants.[10]

---

[8] In their opposition brief, the argument is: "By asking for meetings which they did with the adult defendants to deal with, and confront the issues of the injuries and threats their children were suffering, requests for meetings with the school district the plaintiffs made meaningful procedural due process request[s] which were subsequently denied out of retaliation." (Doc. 15, Opp'n Br. at pp. 7-8).

[9] We note Plaintiffs' allegation that the minor plaintiffs had a right to an education. (Compl. ¶ 25). Education is a property right in Pennsylvania. *See Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 149 (3d Cir. 2005). They also allege a liberty interest in the state law against bullying, 24 Pa. Con. Stat. Ann. §§ 13-1301-A to 13-1313-A. (Compl. ¶ 26). Our conclusion applies equally to these alleged liberty and property interests.

[10] In Count II, the three minor plaintiffs make a state-law claim for assault, but not against any of the moving defendants. The assault claim is against the two minor defendants and their mothers.

If the moving defendants, the state actors, were the only defendants in this case, we would simply dismiss the state-law claims without prejudice to Plaintiffs' filing them in state court, *see Jacobowitz v. M & T Mortgage Corp.,* 372 F. App'x 225, 228–29 (3d Cir. 2010)(nonprecedential), as all of the federal claims are dismissed.[11] We will not do so at this time, however, because the defendant parents and minors, the private actors, have also been named in these claims and they have not yet answered or otherwise pled to the Complaint.[12] In the interest of judicial efficiency, we will await the latter defendants' response to the Complaint before disposing of the state-law claims against the moving defendants.

    We will issue an appropriate order.


               /s/ William W. Caldwell
               William W. Caldwell
               United States District Judge


Date: April 2, 2013

---

[11] Amendment of the federal claims would be futile, so we do not have to consider granting leave to amend. *See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir.2007).

[12] It is not even clear if they have been served. Plaintiffs were granted an extension of time to serve them until March 17, 2013, and there has been no return of service field to date.

-17-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID and ROBYN MONN, Individually and as the parents of B.M. a minor, MICHAEL and JULIE FAUTH, Individually and as the parents of L.F. a minor and BRAD and JACKIE ADAMS, Individually and as the parents of A.A. a minor, Plaintiffs | : : : : : : : : : | CIVIL NO. 1:12-CV-2085 (Judge Caldwell) |
| v. | : : | |
| GETTYSBURG AREA SCHOOL DISTRICT, JAMES O'CONNOR, STEVEN LITTON, LAWRENCE REDDING, SHEVELLE C. (last name withheld) in her own right, and as the Mother of K.C. a minor, K.C. a minor, Ms. A. in her own right, and as the mother of K.A. a minor, Defendants | : : : : : : : : : : | |

*O R D E R*

AND NOW, this 2nd day of April, 2013, upon consideration of the motion

(Doc. 10) to dismiss the Complaint filed by the defendants, Gettysburg Area School

District, Larry Redding, James O'Connor, and Steven Litten, it is ORDERED that:

    1. The motion to dismiss all the federal claims against
    defendants, Gettysburg Area School District, Larry Redding,
    James O'Connor, and Steven Litten is granted, and Count I of
    the Complaint is dismissed as against these defendants.

2. The motion to dismiss the state-law claims against these defendants is held in abeyance pending a response to the complaint by the defendant parents and minors.

                           /s/ William W. Caldwell
                           William W. Caldwell
                           United States District Judge